IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | No. C 11-2093 CW |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REINSTATE CASE (Docket No. 33) |
| v. | |
| KENNETH TEDFORD LOONEY, individually and doing business as Looney's Smokehouse, also known as Looney's Smokehouse Bar B Que; and HTWOOO, LLC, an unknown business entity, doing business as Looney's Smokehouse, also known as Looney's Smokehouse Bar B Que, | |
| Defendants. | |

Plaintiff J & J Sports Productions, Inc. moves for relief from this Court's Order of November 3, 2011 dismissing this case for failure to prosecute and requests that this case be reinstated. No opposition to Plaintiff's motion has been filed. The Court takes the motion under submission on the papers and GRANTS it.

BACKGROUND

Plaintiff filed the instant action on April 28, 2011 against Defendants Kenneth Tedford Looney and Htwoo, LLC. On August 4, 2011, the Clerk entered default as to Defendant Htwoo, LLC. On September 13, 2011, the Court found that Defendant Kenneth Looney had defaulted and directed the Clerk to enter default as to Mr. Looney, which the Clerk did on September 16, 2011. At that time,

1  the Court also instructed Plaintiff J & J Sports Productions, Inc.
2  to file a motion for default judgment within thirty days thereof.
3      On November 3, 2011, this Court dismissed this case for
4  failure to prosecute, because Plaintiff had not filed a motion for
5  default judgment.
6      On November 23, 2011, Plaintiff filed this motion seeking to
7  set aside the dismissal under Federal Rule of Civil Procedure
8  60(b)(1).  Plaintiff asserts that its failure to prosecute this
9  action was caused by excusable neglect due to a transition in
10 staffing.  Plaintiff states that the administrative assistant in
11 the Law Offices of Thomas P. Riley, P.C., Plaintiff's counsel, who
12 was in charge of all matters pending in the Northern District of
13 California, left the employment of Plaintiff's counsel on
14 September 29, 2011, and that while Plaintiff's counsel was
15 searching for a full-time replacement, the assistant's duties were
16 transferred to other administrative assistants in the office, but
17 that, due to an oversight, the instant case was overlooked and
18 Plaintiff failed to comply with the deadline set forth in this
19 Court's September 13, 2011 Order.  Riley Decl. ¶¶ 3-6.

DISCUSSION

21     Federal Rule of Civil Procedure 60(b)(1) allows a court "to
22 relieve a party or its legal representative from a final judgment,
23 order, or proceeding for . . . mistake, inadvertence, surprise, or
24 excusable neglect."  The Ninth Circuit has stated that "where
25 there has been no merits decision, appropriate exercise of
26 district court discretion under Rule 60(b) requires that the
27 finality interest should give way fairly readily, to further the
28 competing interest in reaching the merits of a dispute."  TCI

Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

Excusable neglect under Rule 60(b)(1) "encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, and includes omissions caused by carelessness." Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 388, 394) (internal quotation marks and formatting omitted)). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" Id. (quoting Pioneer, 507 U.S. at 395). "To determine when neglect is excusable, we conduct the equitable analysis specified in Pioneer by examining at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Id. (quoting Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000)) (internal quotation marks and formatting omitted).

These factors weigh in favor of setting aside the order of dismissal in the case at hand. Given the posture of the proceedings prior to the dismissal, there is no prejudice apparent to the opposing party that would result from setting aside the order of dismissal. The delay between the date of dismissal and Plaintiff filing this motion seeking to set aside that order was less than three weeks, a relatively short amount of time. This delay is also likely to have little or no impact on the proceedings, given that the Clerk has already entered default as

to both Defendants in this action.  The failure to file the motion for default judgment by the deadline was the result of an error due to a staffing transition within the office of Plaintiff's counsel and it appears that Plaintiff has acted in good faith.

CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Reinstate Case (Docket No. 33) and VACATES the Order Dismissing Case for Failure to Prosecute (Docket No. 32).  The Clerk shall reopen this file.

Plaintiff shall file its motion for default judgment within fourteen days of the date of this Order.  Upon filing, Plaintiff's motion will be referred to a Magistrate Judge, pursuant to Civil Local Rule 72-1.  Plaintiff's failure to comply with this order will result in the dismissal of this case for failure to prosecute.

IT IS SO ORDERED.

Dated:   12/16/2011

CLAUDIA WILKEN
United States District Judge